PHILLIP A. TALBERT
United States Attorney
CHRISTINA McCALL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

## IN THE UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO CARTAGENA,<br><br>Defendant. | CASE NO.  2:18-CR-0166-2 TLN<br><br>STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; FINDINGS AND ORDER<br><br>DATE: November 17, 2022<br>TIME: 1:30 p.m.<br>COURT: Hon. Troy L. Nunley |

## **BACKGROUND**

On August 23, 2018, a federal grand jury returned an Indictment, charging defendant, Eduardo Cartagena, and others, with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  ECF No. 5, Count 41.  Defendant entered his guilty plea at a hearing on May 19, 2022. Sentencing is set for November 17, 2022.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea and sentencing hearings by video or telephonic conference when such hearings cannot be conducted in person without seriously jeopardizing public health and safety, and "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice."  Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-23, § 15002(b)(2), 134 Stat. 281, 527–29 (2020).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

On September 19, 2022, for the reasons set forth in General Orders 610, 611, 612, 613, 614, 615, 616, 617, 618, 620, 621, 624, 628, 630, 631, 635, 640, 649, and 652, and the Chief Judge of this District, per General Order 655, extended the findings and authorizations required by the CARES Act for another ninety days from the date of entry of General Order 655.  In order to authorize change of plea and sentencing hearings by remote means, however, the CARES Act—as implemented by the General Orders listed above—also requires district courts in individual cases to find, for specific reasons, that felony pleas and sentencings cannot be further delayed without serious harm to the interests of justice. *Id.*  The General Orders listed above require that the defendant consent to remote proceedings.  Finally, remote proceedings must be conducted by videoconference unless "video teleconferencing is not reasonably available." *Id.*  In such cases, district courts may conduct hearings by teleconference. *Id.*

The parties hereby stipulate and agree that each of the requirements of the CARES Act and the General Orders listed above have been satisfied in this case.  They request that the Court enter an order making the specific findings required by the CARES Act and the General Orders listed above. Specifically, for the reasons further set forth below, the parties agree that:

1.      The sentencing hearing in this case should not be further delayed in the interest of justice, given the fact that the parties are prepared for the sentencing hearing, the fact that the defendant is a Canadian and Colombian citizen who was extradited from Colombia and lacks travel documents to take a commercial airline flight from Ohio (where he resides consistent with the terms of his pretrial release order) to California to attend the sentencing hearing, and the backlog of cases that is likely to increase in the Eastern District of California if criminal matters do not resolve by videoconference when the defendant consents and once the Court and the parties are prepared to complete the sentencing hearing;

2.      The defendant waives his physical presence at the hearing and consents to a remote hearing by videoconference; and

3.      Defense counsel joins in that waiver.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1.      The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2.      On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3.      In their evolving guidance during the pandemic, the Centers for Disease Control and Prevention (the "CDC") and other public health authorities have suggested the public obtain up-to-date vaccinations, avoid crowds, practice physical distancing between individuals, and wear masks in indoor settings under certain conditions to potentially slow the spread of COVID-19 and its variants, such as the highly contagious Omicron variants that have circulated throughout the United States in 2022.

4.      On March 17, 2020, the Court issued General Order 611, noting the President's and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District of California had taken measures to limit the size of gatherings and practice social distancing.  General Order 612, which issued the following day, provided that if any criminal matters are maintained on calendar, to the fullest extent possible they should be conducted by telephone or videoconference.

5.      General Order 614, issued on March 30, 2020, found that felony plea and sentencing hearings generally could not be conducted in person in this district without seriously jeopardizing public health and safety.  General Order 614 also authorized, under authority of the CARES Act, videoconferencing and telephone conferencing in different criminal proceedings.  General Order 614 allowed for use of videoconferencing technology for felony change of plea and sentencing hearings with the defendant's consent, if a judge finds that the hearing cannot be further delayed without serious harm to the interests of justice.

6.      On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this district pursuant to 18 U.S.C. § 3174(d), based on the Eastern District of California's

1  critically low resources across its heavy caseload.  The report accompanying the Judicial Council's

2  declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined

3  both the district's caseload (the Eastern District of California currently ranks first in the Ninth Circuit

4  and eighth nationally in weighted filings) and its shortage of judicial resources (the district is currently

5  authorized only six district judges, and one of those positions is currently vacant).  The report further

6  explained that a backlog of cases exists that can only start to be alleviated when the CDC lifts its

7  guidance regarding gatherings of individuals (which it has now done).

8       7.      General Orders 614, 616, 617, 618, 620, 621, 624, 628, 630, 632, 635, 640, 649, 652 and

9  655 have also made findings and implemented temporary emergency procedures in response to the

10  COVID-19 crisis, and these General Orders either remain in effect or have been superseded by a

11  subsequent General Order extending their provisions.

12       8.      Given these facts, it is essential that judges in this district resolve as many matters as

13  possible via videoconference and teleconference during the ongoing COVID-19 pandemic.  By holding

14  these hearings now, this district will be in a better position to work through the backlog of criminal and

15  civil matters once in-person hearings resume to a full pre-pandemic extent.

16       9.      The sentencing hearing in this case accordingly cannot be further delayed without serious

17  harm to the interests of justice.  If the Court were to delay this hearing, it would only add to the

18  enormous backlog of criminal and civil matters facing the Court, and every judge in this district, when

19  full, normal operations resume.

20       10.     Under CARES Act § 15002(b), the defendant consents to proceed with the sentencing

21  hearing by videoconference.  Defense counsel joins in this consent.

22       IT IS SO STIPULATED.

23

24   Dated:  November 16, 2022                    PHILLIP A. TALBERT
                                                  United States Attorney
25

26                                                /s/ CHRISTINA McCALL
                                                  CHRISTINA McCALL
27                                                Assistant United States Attorney

28

Dated:  November 16, 2022

/s/ DINA SANTOS
DINA SANTOS
Counsel for Defendant
EDUARDO CARTAGENA

**FINDINGS AND ORDER**

1.      The Court adopts the findings above.

2.      Further, the Court specifically finds that:

        a)      The sentencing hearing in this case should not be delayed without serious harm to the interests of justice; and

        b)      The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference.

3.      Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Orders 614 and 655, the defendant is allowed to participate in the sentencing hearing in this case by videoconference.


        IT IS SO FOUND AND ORDERED this 17th day of November, 2022.



                                                Troy L. Nunley
                                                United States District Judge